IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER SIRMONS, JR.,**     Plaintiff | : : : | No. 1:25-cv-00510 |
| v. | : : | (Judge Kane) |
| **DEPARTMENT OF CORRECTIONS ADMINISTRATION, SCI CAMP HILL, et al.,**     Defendants | : : : : : | |
| **CHRISTOPHER SIRMONS, JR.,**     Plaintiff | : : : | No. 1:25-cv-00804 |
| v. | : : | (Judge Kane) |
| **SCI CAMP HILL, et al.,**     Defendants | : : : | |

**ORDER**

**AND NOW**, on this 4th day of June, 2025, upon consideration of the complaints, applications for leave to proceed in forma pauperis, and prisoner trust fund account statements filed by pro se Plaintiff Christopher Sirmons, Jr. ("Sirmons") in the above-captioned cases, see (No. 1:25-cv-00510, Doc. Nos. 1, 2, 6; No. 1:25-cv-00804, Doc. Nos. 1–3), and for the reasons stated in the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Sirmons's applications for leave to proceed in forma pauperis (No. 1:25-cv-00510, Doc. No. 2; No. 1:25-cv-00804, Doc. No. 2) are **GRANTED**, and Sirmons has leave to proceed in forma pauperis in the above-captioned cases;

2. Sirmons shall pay the full filing fee of $350.00 in each of the above-captioned cases based on the financial information provided in his in forma pauperis applications and account statements. The full filing fees shall be paid regardless of the outcome of this litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden or other appropriate official at Sirmons's place of confinement is directed to deduct initial partial filing fees of 20% for each of the above-captioned cases of the greater of:

   a. The average monthly deposits in Sirmons's prison account for the past six (6) months; or

   b. The average monthly balance in Sirmons's prison account for the past six (6) months;

4. The initial partial filing fees deducted pursuant to paragraph 3 of this Order shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania 18501-1148, to be credited to the above-captioned docket numbers. In each succeeding month, when the amount in Sirmons's inmate trust fund account exceeds $10.00, the Superintendent/Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Sirmons's inmate trust fund account until the fees are paid. Each payment shall reference at least one of the above-captioned docket numbers;

5. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Sirmons is presently confined;

6. The complaints (No. 1:25-cv-00510, Doc. No. 1; No. 1:25-cv-00804, Doc. No. 1) are **DEEMED FILED**;

7. Sirmons's complaint (No. 1:25-cv-00510, Doc. No. 1) is **DISMISSED** as follows:

   a. Sirmons's claims under 42 U.S.C. § 1983 ("Section 1983") against Defendants Department of Corrections Administration ("DOC Admin.") and Pennsylvania State Correctional Institution Camp Hill ("SCI Camp Hill"), as well as his Section 1983 official-capacity claims for monetary damages against Defendants S. Imler, Davidson, Kendell, Michael Gourley, D. Varner, and Desiree Patterson, are **DISMISSED WITHOUT PREJUDICE**;

   b. Sirmons's request to be released from incarceration is **DISMISSED WITHOUT PREJUDICE** to him seeking this relief via a petition for a writ of habeas corpus; and

   c. Sirmons's Section 1983 Eighth Amendment over-detention claim is **DISMISSED WITH PREJUDICE**;

8. Sirmons's complaint (No. 1:25-cv-00804, Doc. No. 1) is **DISMISSED** as follows:

    a. Sirmons's Section 1983 claims against Defendants DOC Admin. and SCI Camp Hill, as well as his Section 1983 official-capacity claims for monetary damages against Defendants S. Imler, Davidson, Kendell, Michael Gourley, D. Varner, Desiree Patterson, and Lara Best, are **DISMISSED WITHOUT PREJUDICE**;

    b. Sirmons's request to be released from incarceration is **DISMISSED WITHOUT PREJUDICE** to Sirmons seeking this relief via a petition for a writ of habeas corpus; and

    c. Sirmons's Section 1983 Eighth Amendment over-detention claim is **DISMISSED WITH PREJUDICE**; and

9. The Clerk of Court is directed to **CLOSE** the above-captioned cases.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

3